UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brian James Neary,<br><br>                                          Plaintiff,<br><br>         -v-<br><br>Jeanine C. Driscoll, Receiver of Taxes, Town of Hempstead; David Y. Chiang, Treasurer, Nassau County; Janet Goller, President, Bellmore/Merrick Central High School District Board of Ed.; Maryanne Kelly, President, Bellmore/Merrick District Board of Ed.,<br><br>                                          Defendants. | 2:24-cv-00736<br>(NJC) (ST) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is the Amended Complaint filed by Brian James Neary ("Neary"), acting pro se, against Jeanine C. Driscoll, Receiver of Taxes, Town of Hempstead; David Y. Chiang, Treasurer, Nassau County; Janet Goller, President, Bellmore/Merrick Central High School District Board of Education; and Maryanne Kelly, President, Bellmore/Merrick District Board of Education (collectively, "Defendants"). (Am. Compl. ¶ I(B), ECF No. 8.) Also pending is Neary's motion to proceed in forma pauperis ("IFP"). (IFP Mot., ECF No. 2.) Upon review of Neary's submissions, the Court grants the IFP motion and dismisses the Amended Complaint without prejudice as set forth below pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

## BACKGROUND[1]

Neary commenced this action by filing a Complaint against the Defendants using the

---

[1] Excerpts from the Amended Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation or grammar will not be corrected or noted.

Court's general complaint form together with a motion to proceed IFP. (*See* Compl., ECF No. 1; IFP Mot.)[2] In accordance with Rule 15(a)(1) of the Federal Rules of Civil Procedure, Neary filed an Amended Complaint as of right. (Am. Compl.)

In the Amended Complaint, Neary seeks to invoke this Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and alleges that his claims against the Defendants arise under: (1) "US Constitution: 'Supremacy Clause' Article VI, Clause 2. B.O.R. 14th Amendment; Sec. I 5th Amendment; 'Due Process' Clause;" (2) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; (3) the "Taxpayers Bill of Rights of the Consolidated Appropriations Act 2016, Pub. Law No. 114-113, Division Q, Title IV § 401(a)(2015) (codified at IRC § 7803(a)(3)): IR-2014-72, June 10, 2014, TBOR Number 10- 'The Right to a Fair and Just Tax System'"; and (4) "CFR § 301.6159-1; Agreements for payment of tax liabilities in installments." (Am. Compl. ¶ II at 3–4.) Neary seeks to challenge Defendants' billing and tax collection practices. (*Id.* at 6, 8–27.)

Neary's "Statement of Claim" alleges that "[t]he illicit taxation collection policy and subsequent residential property account invoicing procedures of the Nassau County Treasurer's Office and the Town of Hempstead Office of the Receiver of Taxes, for the procurement of residential property and school taxes, is a premeditated violation of Federal Law . . . ." (*Id.* at 8.) According to the Amended Complaint, the Defendants' billing collections policy predominately impacts Nassau County resident taxpayers who do not have outstanding mortgage loans on their

---

[2] On March 12, 2024, Neary also filed a twenty-page "Statement of Facts" with exhibits, which the Court returned to him on March 20, 2024 without docketing or consideration. *See* ECF No. 7, 7-1; *see also* Rule 7(a), Fed. R. of Civ. P. On March 25, 2024, Neary filed the Amended Complaint, which includes a 20-page Statement of Claim with exhibits. (*See* Am. Compl.)

2

property and "there is presently an enormous number of Nassau County residents who are deliberately obligated to pay their school and property taxes upfront and in-full, while mortgage holders are given preferential treatment; being permitted to make payments on a streamlined, monthly basis." (*Id.* at 9.) Thus, Neary claims that "[t]he Town of Hempstead Receiver of Taxes[,] the Nassau County Treasurer, the two Bellmore/Merrick School District Boards of Education along with numerous other district school-boards located within the environs of Nassau County [are] [] deliberately perpetrating unreasonable, unlawful billing & collection practices." (*Id.* at 8.) Neary also alleges that "[t]he inflexible general property and school taxation program **prohibits** challenging payment demands, while placing an unfair burden on (non-mortgage holding) residents." (*Id.* at 12 (emphasis in original).) Neary further claims that because "the vast majority of the 136,000+ Nassau County residents without a mortgage are over the age of 65, along with being categorized as low to moderate (LMI) households . . . , demanding full payment upfront is having a 'Disparate Impact' upon their financial well-being." (*Id.*)

> Neary claims:
>
> The Town of Hempstead/Nassau County invoice procedures are essentially a two-tiered system based upon the totally different treatment that mortgage-holding residents receive, in comparison to non-mortgage holding residents. The mortgage holders are not being forced to pay lump-sum tax invoices upfront and "in-full". Rather, residents with mortgages are permitted to make monthly streamlined payments, via their balanced-billing mortgage servicing; which is amortized throughout the life of their lender's installment debt instrument. In sharp contrast, the rules imposed upon non-mortgage holder residents obligate them to make payment in-advance for the scheduled period (e.g. page 2, Fig.1: The school tax invoice encompasses the time period from Nov. 2023 to April 2024). This constitutes 'preferential treatment', and is an obvious breach of the 'Equal Protections' Clause.

(*Id.* at 14.)

3

For relief, Neary is "demanding five specific components of 'Relief' . . . from the Defendants":

    (a) Immediately CEASE the unfair taxation billing & collections practices imposed upon Nassau County Residents[;]

    (b) Provide all Nassau County resident taxpayers with a balanced-billing, streamlined monthly payment plan option[;]

    (c) Provide all Nassau County resident taxpayers with a monthly installment payment plan for $$ delinquent accounts[;]

    (d) REIMBURSE all affected taxpayers for accrued interest, penalties, and fees paid on past-due amounts for the last **7 years** because of the aberrant policy[;]

    (e) Pay to the Plaintiff 'Punitive Damages' equal to the most recent residential property valuation assessment for 2673 Fisher Ln. Bellmore, NY 11710-4629 multiplied by 7 (Property ID #SD-007, Sec. 63, Block 228 Lot 0012)[.]

(*Id.* at 16 (emphasis in original); *see also id.* at 9.)

## LEGAL STANDARDS

### I.   *In Forma Pauperis*

Upon review of Neary's IFP application (IFP App., ECF No. 2), the Court finds that he is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP is granted.

### II.   Sufficiency of the Pleadings

Under Section 1915 of Title 28, a district court must dismiss an IFP complaint or amended complaint if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i–iii). The court "shall" dismiss the action as soon as it makes such a determination. *Id*. At the pleading stage, the court must assume the truth of "all well-

4

pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd.*, 569 U.S. 108 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)). The court must construe the pleadings of a pro se plaintiff liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

Nevertheless, a complaint or amended complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Cuoco*, 222 F.3d at 112. Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations of a complaint or amended complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (quotation marks omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d

5

208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## DISCUSSION

### I.  Subject Matter Jurisdiction

A district court has the inherent power to dismiss a case, *sua sponte*, if it determines the court lacks jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3). Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis supplied); *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) ("Once a federal court determines it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Searles v. Robert*, No. 21-2836, 2023 WL 7271832, at *1 (2d Cir. Nov. 3, 2023) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). This Court has an "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017) (quoting *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) (quotation marks omitted)).

Neary seeks to invoke this Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (*See* Am. Compl. ¶ II.) That statute provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Neary alleges that his claims arise under federal law, namely the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Taxpayer's Bill of Rights of the

6

Consolidated Appropriations Act of 2016, and the United States Constitution. (*Id.*) However, "[t]he Tax Injunction Act ('TIA') provides that '[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State'" and divests this Court of subject matter jurisdiction to adjudicate Neary's claims. *Greenberg v. Town of Scarsdale*, 477 F. App'x 849, 850 (2d Cir. 2012) (affirming district court's dismissal of a complaint challenging the assessment of real property for the purpose of collecting taxes on that property finding "the district court was correct in holding that the TIA and the principle of comity divested it of jurisdiction over the instant action.") (citing 28 U.S.C. § 1341). "This prohibition is jurisdictional and operates to strip the federal courts from exercising subject matter jurisdiction over claims for both declaratory and injunctive relief." *Nasca v. New York State Dep't of Tax'n & Fin.*, No. 20-CV-243 (WFK) (LB), 2021 WL 1438301, at *3 (E.D.N.Y. Mar. 12, 2021) (citing *Bernard v. Village of Spring Valley*, 30 F.3d 294, 297 (2d Cir. 1994)); *see also Pan v. City of Niagara Falls, Cnty. of Niagara, New York*, No. 20-CV-1896 (JLS), 2023 WL 3025149, at *3 (W.D.N.Y. Apr. 19, 2023) ("The Tax Injunction Act prohibits federal courts from issuing injunctive or declaratory relief in challenges to state tax laws if state remedies are adequate.").

  Here, Neary does not allege that he has pursued the issues raised in his Amended Complaint in state court or that he has an inadequate remedy there. (*See generally* Am. Compl.) "Both the United States Supreme Court and the Second Circuit have consistently found that New York courts provide the 'plain, speedy and efficient remedy' contemplated by the TIA." *Nasca*, 2021 WL 1438301 at *3 (citing *Tully v. Griffin, Inc.*, 429 U.S. 68, 76–77 (1976); *Abuzaid v. Mattox*, 726 F.3d 311, 316 (2d Cir. 2013)); *see also Greenberg*, 477 F. App'x at 850 ("[A]s

7

correctly determined by the district court, available New York remedies provide an adequate means for litigating all of [Plaintiff's tax] assessment claims in a state forum.") (citing *Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) (hereinafter *LILCO*) ("[T]he Tax Injunction Act . . . prevents federal courts from giving injunctive relief or declaratory relief, as long as there is a plain, speedy and efficient remedy in state court . . . ." (citations omitted)).

Further, "[t]he comity doctrine is 'more embracive' than the TIA, and 'restrains federal courts from entertaining claims for relief that risk disrupting state tax administration,' . . . 'so long as the plaintiffs have access to state remedies that are plain, adequate, and complete, and may ultimately seek review of the state decisions in [the Supreme] Court.'" *Nasca*, 2021 WL 1438301 (quoting *Abuzaid*, 726 F.3d at 315); *see also LILCO*, 889 F.2d at 431 ("While it is the [TIA] that prevents federal courts from giving injunctive relief . . . or declaratory relief . . . as long as there is a plain, speedy and efficient remedy in state court, it is the principle of comity that prevents a taxpayer from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court."); *Rosa v. City of Syracuse*, No. 5:16-CV-1123(LEK)(TWD), 2017 WL 4326517, at *4 (N.D.N.Y. Sept. 28, 2017) ("[A]lthough the TIA mentions only injunctions, its policy of comity bars declaratory judgment and 42 U.S.C. § 1983 damage actions as well.") (citation omitted). Indeed, the Second Circuit "has held that, when the administration of a state tax scheme is involved, . . . [claims arising therefrom] are not cognizable in federal court." *Hoffer v. Ancel*, 32 F. App'x 593, 597 (2d Cir. 2002) (citation omitted). Thus, Neary's claims are dismissed without prejudice pursuant to Rule 12(h)(3).

8

## II. Claims Brought Under the Taxpayer's Bill of Rights

To the extent that Neary seeks to assert claims pursuant to the Taxpayer's Bill of Rights ("TPBR"), such claims are not plausible. It is well-established that the TPBR does not provide for a cause of action. *See United States v. Schwartz*, 615 F. Supp. 3d 184, 190 (E.D.N.Y. 2022) ("The Taxpayer Bill of Rights is merely an informational publication that groups the existing rights in the tax code into ten fundamental rights, and makes them clear, understandable, and accessible.") (citation and quotation marks omitted) (quoting Taxpayer Bill of Rights, Taxpayer Advocate Service, https://www.taxpayeradvocate.irs.gov/get-help/taxpayer-rights/ (last accessed July 18, 2022)). The TPBR does not "grant new enforceable rights," nor does it "confer any individual cause of action"). *Id.* (citation and quotation marks omitted). Thus, even if this Court had subject matter jurisdiction, Neary's claims brought pursuant to the TPBR would fail to state a claim for relief.

## III. Fair Debt Collection Practices Act ("FDCPA") Claims

The FDCPA prohibits deceptive and misleading practices by "debt collectors." *Anderson v. Experian*, No. 19-CV-8833 (CM), 2019 WL 6324179, at *2 (S.D.N.Y. Nov. 26, 2019) (quoting 15 U.S.C. § 1692e). The statute's purpose is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting 15 U.S.C. § 1692(e)) (quotation marks omitted). "To accomplish these goals, the FDCPA creates a private right of action for debtors who have been harmed by

9

abusive debt collection practices." *Anderson*, 2019 WL 6324179, at *2 (citing 15 U.S.C. § 1692k). A plaintiff alleging an FDCPA claim must establish three elements:

> (1) the plaintiff [must] be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a 'debt collector,' and (3) the defendant must have engaged in an act or omission in violation of the FDCPA's requirements.

*Skvarla v. MRS BPO, LLC*, No. 21 CV 55, 2021 WL 2941118, at *2 (S.D.N.Y. July 12, 2021) (quoting *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559–60 (E.D.N.Y. 2017)). Under the FDCPA, a "debt collector" is "a person who, among other requirements, is engaged in any 'business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due . . . another.'" *Perez v. Experian*, No. 20CV9119PAEJLC, 2021 WL 4784280, at *12 (S.D.N.Y. Oct. 14, 2021), *report and recommendation adopted*, No. 20CIV9119PAEJLC, 2021 WL 5088036 (S.D.N.Y. Nov. 2, 2021) (quoting 15 U.S.C. § 1692a(6)). Further, the FDCPA specifically excludes from the definition of "debt collector" any officer or employee of any State or municipality, to the extent that collecting or attempting to collect any debt is in the performance of that individual's official duties. 15 U.S.C. §§ 1692a(6)(C), (8).

      Here, all of the Defendants are local officials of the Town of Hempstead, Nassau County, and two Boards of Education. (Am. Compl. ¶ I(B) at 2–3.) None of the Defendants are alleged to be "engaged in [a] business the principal purpose of which is the collection of any debts." *Perez*, 2021 WL 4784280, at *12. Further, even if Neary had made such an allegation, municipal officers and employees cannot be "debt collectors" under the FDCPA when collecting debt in the course of performing their official duties. *See Tsinberg v. New York*, No. 20-CIV-

749(PAE)(SLC), 2021 WL 1536659, at *15 (S.D.N.Y. Jan. 22, 2021) (citing 15 U.S.C. § 1692a(6)(C), (8)), *report and recommendation adopted sub nom. Tsinberg v. City of New York*, No. 20-CIV-749 (PAE), *judgment entered*, No. 20-CIV-749 (PAE), 2021 WL 1167921 (S.D.N.Y. Mar. 25, 2021); *see also Allen v. United Student Aid Funds, Inc.*, No. 17-CV-8192, 2018 WL 4680023, at *5 (S.D.N.Y. Sept. 28, 2018) (granting motion to dismiss when plaintiff has not pled sufficient facts to classify defendants as debt collectors); *Ojo v. United States*, No. 20-CV-4882 (MKB), 2020 WL 7262853, at *5 (E.D.N.Y. Dec. 9, 2020) (dismissing FDCPA claims against government officials "because, as government employees acting in the course of their official duties, they are specifically excluded from FDCPA liability") (citing *Garcia v. Fry*, 186 F. Supp. 3d 228, 232 (D. Conn. 2016) (holding that a defendant who "was attempting to collect debts in the performance of his official duties as a state marshal" could not be sued under the FDCPA); *Perry v. Wright*, No. 12-CV-721, 2013 WL 950921, at *5 (S.D.N.Y. Marc. 8, 2013) (holding that Internal Revenue Service employees acting in the course of their official duties were not debt collectors within the meaning of the FDCPA); *Burgess v. U.S. Dep't of Educ.*, No. 05-CV-98, 2006 WL 1047064, at *5 (D. Vt. Apr. 17, 2006) (holding that, due to the official-duties exception, "an action under the FDCPA cannot be brought against the [federal agency] defendants named in this case.").

Thus, as is readily apparent, Neary's FDCPA claims would fail even if this Court had subject matter jurisdiction to adjudicate them. *See supra* at 6–8.

## IV. Constitutional Claims

Neary claims a deprivation of his right to due process under the Fifth and Fourteenth

Amendments to the U.S. Constitution.³ (Am. Compl. ¶ II.A.) The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Fifth Amendment extends this right to due process to federal actors. *Pollok v. Chen*, 806 F. App'x 40, 44 (2d Cir. 2020) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law." (quotation marks omitted) (citing *Dusenbery v. United States,* 534 U.S. 161, 167 (2002))). "An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quotation marks omitted). "A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012). As set forth above (*see supra* at 6–8), the state court provides an avenue for Neary to raise his claims rendering his due process claims premature, at best. *See Greenberg*, 477 F. App'x at 850 ("[A]s correctly determined by the district court, available New York remedies provide an adequate means for litigating all of [Plaintiff's tax] assessment claims in a state forum.").

Furthermore, Neary's Fifth Amendment Takings Clause claim fails because "the Tax Injunction Act and comity considerations have prevented federal courts from hearing Fifth

---

³ Neary also includes the Sixth Amendment's Supremacy Clause in his Amended Complaint. However, "[t]he Supremacy Clause is not the source of any federal rights . . . and certainly does not create a cause of action." *Armstrong v. Exceptional Child Center, Inc*., 575 U.S. 320, 324–25 (2015) (citations and quotation marks omitted). Thus, there is no private right of action under the Supremacy Clause. *Id*. at 324–27.

Amendment takings claims as much as they have prevented them from hearing Fourteenth Amendment equal protection claims" related to state and local taxation. *Speer v. City of New London*, 537 F. Supp. 3d 212, 228 n.17 (D. Conn. 2021) (citing *Tonina v. Ferraro*, No. 3:19-cv-00970, 2020 WL 3489520 (D. Conn. June 26, 2020); *Rosa v. City of Syracuse*, No. 5:16-cv-1123, 2017 WL 4326517 (N.D.N.Y. Sept. 28, 2017)).

### V. State Law Claims

Having dismissed Neary's federal claims for the reasons set forth above, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) (Calabresi, J., concurring) (the Second Circuit "takes a very strong position that state issues should be decided by state courts.") Thus, any state law claims that may be liberally construed from the allegations in the Amended Complaint are dismissed without prejudice and with leave to replead in state court.

### VI. Leave to Amend

Although "federal courts should 'liberally permit pro se litigants to amend their pleadings' . . . 'leave to amend need not be granted when amendment would be futile.'" *Johnson v. Maximus Servs. LLC*, 22-CV-2935(AMD)(JRC), 2023 WL 5612826, at *6 (E.D.N.Y. Aug. 30, 2023) (citing *Terry v. Inc. Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016)). For the reasons set forth above, this Court lacks subject matter jurisdiction to adjudicate Neary's claims and this problem cannot be cured with better pleading. Accordingly, amendment would be futile. This Court therefore denies leave to further amend the Amended Complaint. Neary may pursue any valid claims he may have against the Defendants in state court.

## CONCLUSION

For the reasons stated above, this Court grants Neary's motion to proceed IFP (ECF No. 2) and dismisses his Amended Complaint (ECF No. 8) without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P. Leave to further amend the Amended Complaint is denied and Neary may pursue his claims in state court.

The Clerk of the Court shall enter judgment accordingly and close this case. The Clerk of the Court shall also mail a copy of this Order to Neary at his address of record and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
April 19, 2024

                                             */s/ Nusrat J. Choudhury*
                                             NUSRAT J. CHOUDHURY
                                             United States District Judge